# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No. CV 20-03203-CJC (JCx)                                      Date:  May 22, 2020

Title: <u>OMID OKHOWAT, *ET AL*. V. JAGUAR LAND ROVER NORTH AMERICA, LLC, *ET AL*.</u>

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

<u>Gabriela Garcia</u>                                        <u>   N/A   </u>
Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND [Dkt. 13]**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 8, 2020 at 1:30 p.m. is hereby vacated and off calendar.

On February 18, 2020, Plaintiff Omid Okhowat filed this action in Los Angeles County Superior Court against Defendant Jaguar Land Rover North America, LLC, ("Jaguar") alleging violations of the Song-Beverly Consumer Warranty Act.  (Dkt. 1-1 Ex. A [Complaint].)  In general, Plaintiff alleges that a vehicle he leased from Jaguar in 2017 contained engine defects.  (*Id.*)  On April 6, 2020, Jaguar removed the case to federal court on the basis of diversity jurisdiction.  (Dkt. 1 [Notice of Removal].)  Soon thereafter, Plaintiff filed the instant motion to remand, which primarily contends that Jaguar failed to meet its burden in establishing that the amount in controversy exceeds $75,000.  (Dkt. 13.)  On May 18, 2020 Jaguar filed a non-opposition to Plaintiff's motion to remand.  (Dkt. 14.)

A civil action brought in state court may be removed by the defendant to a federal district court if the action could have been brought there originally.  28 U.S.C. § 1441(a).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 20-03203-CJC (JCx)                                Date: May 22, 2020
                                                                                                   Page 2

---

The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When a defendant initially removes a case, it must submit only a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). However, if the plaintiff contests, or the court questions, the defendant's allegations regarding the amount in controversy, the defendant must establish that the amount exceeds $75,000 with "summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

        In light of its non-opposition to Plaintiff's motion to remand, Jaguar has failed to meet its burden of establishing the amount in controversy. Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

cl
MINUTES FORM 11
CIVIL-GEN                                                                                        Initials of Deputy Clerk GGA